IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Crim. No. 1:17-cr-002-05** |
| v. | : | |
| **JOSHUA GUITY-NUNEZ.** | : | **Judge Sylvia H. Rambo** |

## **MEMORANDUM**

Before the court is Petitioner Joshua Guity-Nunez's ("Guity-Nunez") *pro se* motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255. (Doc. 285.) For the reasons set forth below, the motion will be dismissed without prejudice to Guity-Nunez's right to re-file an amended motion.

I. **BACKGROUND**

On January 4, 2017, Guity-Nunez was indicted on five counts of a six count multi-defendant indictment involving a variety of sex trafficking related offenses. (Doc. 1.) With the assistance of counsel, he ultimately plead guilty to Count 1 of the indictment – conspiracy to commit sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. 1594(c). (Doc. 127.) At his change of plea hearing, the court engaged in a colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure and then accepted Guity-Nunez's guilty plea, finding that it was entered into knowingly and voluntarily. (Docs. 49, 292.) The court later sentenced Guity-Nunez to 180 months imprisonment, which was 112 months below the advisory guideline range of 292 to 365 months. (Doc. 385 pp. 174-181.)

1

Following sentencing, Guity-Nunez directly appealed his conviction and sentence to the Third Circuit Court of Appeals, which denied his appeal on all grounds and upheld this court's judgment. *United States v. Guity-Nunez*, No. 20-2483, 2021 WL 6061763 (3d. Cir. 2021). Guity-Nunez subsequently filed a writ of certiorari with the United States Supreme Court, which was denied on April 22, 2022. *Guity-Nunez v. United States*, 142 S. Ct. 1698 (2022).

On March 27, 2023, Guity-Nunez filed a timely motion for relief pursuant to 28 U.S.C. § 2255. (Doc. 385.) His motion presents two grounds for relief. First, he argues that his plea was made "involunta[ily] or made without sufficient awareness of the relevant circumstances and likely consequences." (Doc. 385 pp. 13-14.) Second, he argues that his conviction and sentence resulted from a constitutionally deficient due process violation as he was ultimately held accountable for the participation of two minors in the sex trafficking conspiracy even though he claims his involvement was limited to that of a driver for some of the adult participants. The Third Circuit rejected similar substantive arguments in Guity-Nunez's direct appeal. *See generally Guity-Nunez*, 2021 WL 6061763. Guity-Nunez concedes that he did not directly raise either the voluntariness or due process arguments on appeal. (Doc. 385 pp. 4-5.)

## II. DISCUSSION

Both of Guity-Nunez's claims have been procedurally defaulted. It is undisputed that Guity-Nunez did not raise either issue on direct appeal, and he relies solely on conclusory averments to explain why he failed to do so. (*See* Doc. 385 pp. 5-6 (explaining that he did not appeal his concerns with the voluntariness of his plea on direct appeal because he "couldn't raise issue on direct appeal" and similarly failed to appeal any due process issues because the "issue couldn't be raised on direct[.]").)

"[A] § 2255 motion may not be used as 'a substitute for an appeal.' In that regard, claims raised in a § 2255 motion that were not raised on direct appeal are procedurally defaulted." *United States v. Duell*, No. 15-cr-87, 2021 WL 858445, at *2 (W.D. Pa. Mar. 8, 2021) (quoting *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074 (3d Cir. 1985) (citation omitted)).

Procedural default will be excused only upon a showing of "cause and prejudice" or "actual innocence." *Id.*; *United States v. Garth*, 188 F. 3d 99, 110 (3d Cir. 1999). "To show cause adequate to overcome procedural default, a defendant must establish that an 'objective factor external to the defense' prevented him from advancing the claim at a procedurally appropriate time." *See United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *United States v. Jacobs*, No. 4:17-CR-388, 2022 WL 2070284, at *6 (M.D. Pa. June 8, 2022)). "A court analyzing cause considers only whether, at the time of the default, the claim was available at all."

*United States v. Jacobs*, No. 4:17-CR-388, 2022 WL 2070284, at *6 (M.D. Pa. June 8, 2022) (internal quotations and citations omitted).

The exception for actual innocence applies "only in extraordinary cases." *Werts v. Vaughn*, 228 F. 3d 178, 193 (3d Cir. 2000). The defendant must show that "the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation and citation omitted).

Rule 2(b) of the rules governing § 2255 proceedings explains that the motion must: "(1) specify all the grounds for relief available to the moving party; [and] (2) state the facts supporting each ground." 2(b)(1)-(2). Guity-Nunez's motion provides no facts as to why his two grounds for relief could not be raised on direct appeal. Similarly, his motion contains no claim that he is actually innocent.

Of course, defendants like Guity-Nunez can challenge the voluntariness of their guilty plea and any related constitutionality concerns on direct appeal. *See e.g.*, *United States v. Gonzalez*, 472 F. App'x 132, 134 (3d Cir. 2012) (addressing a challenge to the validity of defendant's guilty plea). In fact, the Supreme Court has clarified that the "voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621.

Accordingly, because Guity-Nunez has failed to explain why his two claims could not be raised on direct appeal, his claims are deemed procedurally defaulted,

4

and his petition will be dismissed. However, due to his *pro se* status, and out of an abundance of caution, the court will dismiss the petition without prejudice so as to provide Guity-Nunez an opportunity to submit an amended petition addressing the these deficiencies.[1]

### III. CONCLUSION

For the foregoing reason, and in accordance with the accompanying order, Guity-Nunez's motion to vacate under 28 U.S.C. § 2255 will be dismissed without prejudice.

/s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 30th, 2024

---

[1] Should Guity-Nunez file an amended § 2255 motion, any newly added grounds for relief, unrelated to his original voluntariness and due process claims, will be dismissed as time barred because they will not be considered filed within § 2255's statutorily proscribed one-year period.

5